**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**DARREN CESARIO,** individually and on behalf of all others similarly situated,

Plaintiff,

-against-

**GRADO LABS, INC.,**

Defendant,

---

Civil Action No. ________

**CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, **DARREN CESARIO** ("Plaintiff" or "Mr. Cesario"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through his undersigned counsel, Robert Schonfeld, Esq. of JOSEPH & NORINSBERG, LLC, brings this action against GRADO LABS, INC. ("Grado" or "Defendant") for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, arising from Defendant's failure to ensure that its e-commerce Website, https://www.gradolabs.com is accessible to blind and visually impaired individuals.

## INTRODUCTION

1. Plaintiff **DARREN CESARIO** is a legally blind resident of New York County who suffers from advanced Retinitis Pigmentosa, a progressive hereditary retinal dystrophy that causes severe peripheral field loss ("tunnel vision"), impaired night vision, decreased contrast sensitivity, and progressive constriction of the functional visual field. As documented in the medical certification issued by Dr. Eleonora Orloff, O.D. of Bronx Eye Associates on May 15, 2025, Mr. Cesario's visual field loss meets both federal and New York State criteria for legal blindness. Dr. Orloff confirms that Mr. Cesario's condition is permanent, incurable, and

significantly impairs his ability to visually interpret printed or digital information without assistive technology. *(See Exhibit A, Dr. Orloff Medical Certification: "These findings meet the federal and New York State criteria for legal blindness… Mr. Cesario's visual limitations are permanent and significantly impact his ability to visually interpret printed or digital information without assistive technology."*

2. As a direct consequence of his profound loss of vision, Plaintiff has developed an enhanced auditory perceptual capacity that plays a central role in how he navigates, interprets, and experiences the world. For Plaintiff, sound functions as a primary sensory channel—rich with detail, timbre, spatial cues, and tonal variation that provide information he can no longer obtain visually. Plaintiff describes certain audio experiences as "almost visual," allowing him to perceive depth, texture, and nuance through sound in a way that is essential to his independence and daily functioning. Because of this heightened reliance on auditory information, Plaintiff has a genuine and ongoing interest in acquiring high-quality audio equipment, including wireless and wired headphones capable of delivering accurate sound reproduction, clarity, and dynamic range.

3. Plaintiff relies exclusively on screen-reading software, including NonVisual Desktop Access ("NVDA"), to navigate digital interfaces, read product information, and complete online transactions. NVDA can only interpret websites that are properly coded according to widely accepted accessibility standards, including the Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA.

4. Defendant GRADO LABS, INC. is a New York-based audio equipment manufacturer headquartered in Brooklyn, New York. Through its commercial website, https://gradolabs.com, which it promotes as the "Official Grado Store," Defendant sells headphones, phono cartridges, accessories, and related audio products directly to consumers

throughout the United States, including residents of the State and City of New York. The Website functions as a sales establishment within the meaning of 42 U.S.C. § 12181(7) and is a primary retail channel through which consumers browse, research, compare, and purchase Grado products.

5. This action arises from Defendant's failure to make its digital properties accessible to Plaintiff DARREN CESARIO and all others similarly situated, which violates the effective communication and equal access requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. These provisions were enacted "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" by "assur[ing] equality of opportunity, full participation, independent living, and economic self-sufficiency."

6. Although styled as an individual action, the injunctive relief that Plaintiff seeks will inure to the benefit of an estimated 2.3 percent of the United States population who report having a visual disability, and to Defendant, who will extend its market reach to this population.

7. For this significant portion of Americans, accessing websites, mobile applications, and other information via their smartphones has become a necessity, not a convenience. In contrast to the largely stationary internet of the early 2000s, Americans today are increasingly connected to the world of digital information while "on the go" via smartphones.

8. Indeed, a growing share of Americans use smartphones as their primary means of online access at home. Today roughly one-in-five American adults are "smartphone-only" internet users-meaning they own a smartphone, but do not have traditional home broadband service.

9. The growth of smartphone usage is rivaled only by the myriad ways in which users can harness the capabilities of the internet for the betterment of their lives through education, employment, entertainment, commerce, and countless other pursuits.

10. The U.S. Chamber of Commerce has documented consumers' increasing reliance on mobile platforms to shop online:

> The average consumer spends more than $1,700 per year on online shopping, a number that's continuing to rise. The convenience, affordability and ability to compare prices with ease has led more and more customers to visit e-commerce sites before heading to a brick-and-mortar location.
>
> New research by Leanplum found that 95% of consumers will buy at least half of their gifts online. Shoppers, especially millennials and Gen Zers, favor the convenience and the great offers and discounts associated more with shopping online than visiting a brick-and-mortar location. It's these groups that are driving e-commerce retailers to be strategic with their website design. The Leanplum survey found that 80% of respondents shop on their mobile devices

11. Plaintiff DARREN CESARIO is a resident of New York County and is legally blind due to Retinitis Pigmentosa, a progressive retinal degenerative disease that causes severe visual field constriction and substantial central vision loss.

12. Due to his permanent and progressive visual impairment, Mr. Cesario relies exclusively on screen-reading software, including NonVisual Desktop Access (NVDA), to navigate digital interfaces, read product information, and complete online transactions. His reliance on assistive technology is essential to her ability to access goods and services on equal terms with sighted consumers. NVDA’s ability to interpret properly coded website is critical to his independence, safety, and daily functioning.

13. This is a civil rights action arising from Defendant’s failure to design, construct, maintain, and operate its Website to be fully accessible to and independently usable by Plaintiff and other blind and visually impaired persons who use screen-reading software. Defendant’s failures violate Title III of the ADA, 42 U.S.C. §§ 12181 et seq., the NYSHRL, the NYCRL, the NYCHRL, and the Declaratory Judgment Act.

14. Defendant is a "place of public accommodation" as defined by the ADA because it

owns, operates, and controls the commercial e-commerce website through which Defendant sell goods and services to the general public throughout the United States, including within the State and City of New York. The Website constitutes a sales establishment within the meaning of 42 U.S.C. § 12181(7).

15. Defendant's Website contains pervasive, systemic accessibility barriers that deny blind and visually impaired users full and equal access to the goods, services, information, and purchasing functions available to sighted users. These barriers prevent Plaintiff and other legally blind individuals from independently browsing, researching, comparing, and purchasing products, thereby denying them the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and accommodations in violation of applicable federal, state, and city law.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action arises under Title III of the ADA, 42 U.S.C. §§ 12181 et seq., and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

17. This Court has supplemental jurisdiction over Plaintiff's state and city law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as Plaintiff's federal claims.

18. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, accessed the Websites from this District, and suffered the injuries alleged herein in this District.

19. Defendant is subject to personal jurisdiction in this District because Defendant GRADO LABS, INC. is a New York corporation headquartered in Brooklyn, New York; transacts substantial business within the State and City of New York; operates a commercial e-commerce

website that is accessible to and actively marketed toward New York residents; ships products directly to customers in New York; and derives substantial revenue from consumers in this District. See *Reed v. 1-800-Flowers.com, Inc.,* 327 F. Supp. 3d 539 (E.D.N.Y. 2018); *Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); *Romero v. 88 Acres Foods, Inc.,* 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022).

**PARTIES**

20. Plaintiff DARREN CESARIO is a legally blind individual residing in New York, New York 10027, within the Southern District of New York.

21. As documented in a medical certification dated May 15, 2025, completed by Dr. Eleonora Orloff, O.D., of Bronx Eye Associates, located at 665 Pelham Parkway North, Bronx, New York 10467, Mr. Cesario has been diagnosed with Retinitis Pigmentosa. Retinitis Pigmentosa is a progressive, hereditary retinal degenerative disease that causes the gradual destruction of photoreceptor cells in the retina, resulting in severe visual field loss, night blindness, decreased contrast sensitivity, and ultimately profound central visual impairment. Mr. Cesario has been registered with the New York State Commission for the Blind and Visually Handicapped ("CBVH").

22. As a direct consequence of his disability, Plaintiff is substantially limited in the major life activity of seeing and is unable to perceive, interpret, or interact with visual content on websites and digital platforms without the assistance of screen-reading technology.

23. Plaintiff uses NVDA (NonVisual Desktop Access), a widely recognized free, open-source screen reader for Microsoft Windows, as his primary assistive technology to access websites and digital content. NVDA converts on-screen text, images (when properly labeled with alternative text), links, buttons, form fields, and other interactive elements into synthesized speech,

enabling blind and visually impaired users to navigate and interact with websites.

24. For NVDA to function effectively, websites must comply with the Web Content Accessibility Guidelines ("WCAG") 2.1, at minimum Level AA, as published by the World Wide Web Consortium ("W3C") and referenced by the United States Department of Justice for compliance with ADA Title III. Compliance requires, inter alia, that all images contain descriptive alternative text, all form controls be properly labeled, all interactive elements be keyboard-operable and have accessible names, sufficient color contrast exist between text and background, headings be used to structure content, and ARIA roles and properties be implemented correctly.

25. Defendant GRADO LABS, INC. is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Brooklyn, New York. Grado Labs is a long-established manufacturer of audio equipment, including wireless headphones, wired headphones, phono cartridges, accessories, and related audio products. Grado Labs owns, operates, and controls the commercial e-commerce Website located at https://gradolabs.com, and accordingly bears responsibility for the accessibility of that Website under the ADA and applicable state and city law.

26. Through its Website at https://gradolabs.com, Grado Labs sells its full line of audio products—including the GW100x Wireless Headphones, the SR325x Prestige Series Headphones, phono cartridges, detachable cables, cushions, and related accessories—to consumers throughout the United States, including New York.

27. The Website functions as a primary retail channel for Defendant's products and is actively marketed to consumers nationwide. Defendant derives substantial revenue from online sales and ships products directly to customers in the State and City of New York.

## STATEMENT OF FACTS

### A. Plaintiff's Disability and Use of Assistive Technology

28. Plaintiff DARREN CESARIO is an active online consumer who regularly uses his NVDA screen reader to browse, research, compare, and purchase products from e-commerce websites. Mr. Cesario maintains a genuine, continuing interest in purchasing high-quality audio equipment online, including wireless and wired headphones that support his daily functioning as a legally blind individual with Retinitis Pigmentosa

29. As a direct consequence of his profound visual impairment, Plaintiff relies heavily on auditory information as a primary sensory channel. Plaintiff experiences sound with heightened perceptual acuity—detecting detail, timbre, spatial cues, and tonal variation that provide information he can no longer obtain visually. Plaintiff describes certain audio experiences as “almost visual,” allowing him to perceive depth, texture, and nuance through sound in a way that is essential to his independence and daily functioning. Because of this heightened reliance on auditory information, Plaintiff has a genuine and ongoing interest in acquiring high-fidelity audio equipment capable of delivering accurate sound reproduction, clarity, and dynamic range.

### B. Plaintiff's Attempted Access to the Grado Labs Website and Barriers Encountered

30. Plaintiff first learned of Grado Labs through online research and consumer audio forums, where the GW100x Wireless Headphones and SR325x Prestige Series Headphones were repeatedly recommended for their sound quality, detailed soundstage, and suitability for spoken-word content. Motivated by his desire to obtain high-quality audio equipment that supports his daily functioning as a blind individual, Mr. Cesario visited the Grado Labs Website at https://gradolabs.com to research and purchase Grado products.

31. On January 14, 2026, Mr. Cesario first accessed the Grado Labs Website using his NVDA screen reader with the intent to browse and purchase the GW100x Wireless Headphones. On this visit, NVDA encountered critical accessibility barriers: (a) multiple product images—including images of the GW100x—lacked proper alt text, causing NVDA to read out raw filenames such as "GW100x," "GS1000," and "SR325x" as meaningless strings; (b) several interactive elements, including buttons and links, contained no accessible name, causing NVDA to announce only "button" or "link" with no description of function; and (c) numerous links used only a text color change to signal interactivity, providing no programmatic cue discernible to screen-reader users. Mr. Cesario was unable to independently navigate to the product page, review product descriptions, or complete his purchase.

32. On February 8, 2026, Mr. Cesario returned to the Grado Labs Website to make a second attempt to purchase the GW100x and to research the SR325x Prestige Series Headphones. On this visit, the identical barriers persisted: (a) NVDA encountered unlabeled linked images across multiple pages, including the SR325x product page; (b) several pages contained empty headings, disrupting NVDA's ability to convey page structure; and (c) on numerous pages, links lacked any accessible name, causing NVDA to read raw URL strings rather than meaningful link text when Plaintiff used NVDA's link navigation shortcut. Mr. Cesario was again unable to complete either purchase.

33. On March 2, 2026, Mr. Cesario made a third and final attempt to access the Grado Labs Website, navigating specifically to the GW100x and SR325x product pages. The same systemic barriers remained unremediated. In total, the SortSite Accessibility Report documented: 16 Level A WCAG violations across 116 pages; images without accessible names across dozens of pages; unnamed links across more than 100 pages; empty headings across multiple product

pages; ARIA role misuse; and links using only color change to signal interactivity. The WAVE Homepage Report identified 11 errors and 10 contrast failures, and the WAVE GW100x Product Page Report identified 19 errors and 18 contrast failures. Each of these barriers individually, and collectively, made it impossible for Mr. Cesario to independently use the Grado Labs Website to find, research, and purchase the GW100x and SR325x headphones he sought.

### C. Additional Barriers Encountered Across the Grado Labs Website

34. Plaintiff relies extensively on his computer and assistive technology for daily activities, making accessible online purchasing essential. On each of his visits to the Grado Labs Website, Plaintiff encountered additional barriers documented in the SortSite and WAVE reports, including: (a) placeholder alt text such as "icon," "GS1000," and "SR60x" used in place of descriptive text; (b) links with no accessible name on numerous pages, forcing NVDA to announce raw URLs; (c) generic "Learn More" and "Buy Now" link text appearing without surrounding descriptive context, preventing Plaintiff from determining which product the link referred to; and (d) very low color contrast across multiple pages, rendering text unreadable to screen-reading software. These barriers prevented Plaintiff from reliably navigating, comparing, and purchasing Grado products.

35. On each of his three visits, Plaintiff attempted to perform specific tasks—reviewing product descriptions, selecting product quantities, and adding products to his shopping cart—and was denied the ability to do so due to documented, concrete accessibility barriers. Plaintiff was forced to abandon each shopping session without making any purchase.

### D. Standing — Plaintiff's Genuine Interest and Intent to Return

36. Under *Calcano v. Swarovski N. Am. Ltd.,* 36 F.4th 68 (2d Cir. 2022), and *Kreisler*

*v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013), Plaintiff has standing to bring this action for injunctive relief based on three factors: (1) past injury under the ADA; (2) reasonable inference that discriminatory treatment will continue; and (3) reasonable inference, based on the past frequency of Plaintiff's visits and the nature of Plaintiff's genuine interest in Defendant's specific products, that Plaintiff intends to return.

37. As to the first factor, Plaintiff suffered concrete, particularized injury-in-fact on each of his three documented visits to the Grado Labs Website: on January 14, 2026, February 8, 2026, and March 2, 2026. On each occasion, Plaintiff accessed specific pages, including the homepage at https://gradolabs.com/, the GW100x Wireless Headphones product page at https://gradolabs.com/products/gw100x, and the SR325x Prestige Series Headphones product page at https://gradolabs.com/products/sr325x, with the intent to review product descriptions, compare features, and add products to his cart. On each visit, Plaintiff was denied the ability to complete these tasks due to documented accessibility barriers, including unlabeled product images, links with no accessible name, empty headings, low color contrast, and non-descriptive "Buy Now"/"Learn More" links that NVDA could not meaningfully announce.

38. Plaintiff's specific interest in Defendant's products is genuine, particular, and motivated by concrete personal need—not a fabricated or manufactured interest. Plaintiff sought to purchase the GW100x Wireless Headphones (https://gradolabs.com/products/gw100x) because of their reputation as open-back wireless headphones suitable for spoken-word content, audio navigation tools, and high-fidelity listening while moving through his environment. Plaintiff also sought to purchase the SR325x Prestige Series Headphones (https://gradolabs.com/products/sr325x) for critical listening at home, where their detailed sound reproduction and clarity would support his heightened reliance on auditory information. These

products are unique to Grado Labs and are not readily substituted with equivalent models from other retailers offering a fully accessible purchase pathway.

39. As to the second factor, it is reasonable to infer that the discriminatory barriers will continue. The SortSite Accessibility Report and WAVE reports for the Grado Labs homepage (https://gradolabs.com/) and the GW100x product page (https://gradolabs.com/products/gw100x) are recent and document systemic violations across multiple templates and page types, including images without alt text, links with no accessible name, empty headings, ARIA misuse, and low color contrast. These issues appear across key transactional pages, including product detail pages and navigation elements, and Defendant has taken no steps to remediate the reported barriers despite having had ample notice. Exhibit B

40. As to the third factor, Plaintiff has expressed a definitive intent to return to the Grado Labs Website once the accessibility barriers are remediated. Plaintiff's intent is not speculative or conditional in the way courts found insufficient in Calcano; it is grounded in specific, ongoing personal needs that will not abate, specific products he identified and desires to purchase, and specific pages and barriers he encountered. Plaintiff identifies the exact products he sought (GW100x and SR325x), the exact pages he visited (including https://gradolabs.com/, https://gradolabs.com/products/gw100x, and https://gradolabs.com/products/sr325x), the exact types of barriers he encountered on those pages (unlabeled images, unnamed links, empty headings, low contrast, and non-descriptive "Buy Now"/"Learn More" links), and the exact dates of his attempted visits. Once the barriers are remediated, Plaintiff will return to purchase the GW100x and SR325x headphones he has been unable to acquire. His desire to return is genuine, continuing, and fully consistent with the injury he has suffered. See Guerrero v. Ogawa USA Inc., 2023 U.S. Dist. LEXIS 109579 (S.D.N.Y. 2023) (intent-to-return prong met where plaintiff

identified specific products desired and specific barriers encountered on specific product pages).

41. Plaintiff's allegations thus satisfy all three standing factors articulated in Calcano and Kreisler: he has suffered past injury on specific dates while attempting to complete specific transactions on identified URLs; the barriers are ongoing and systemic as documented by recent accessibility reports; and he has a concrete, particularized, and continuing intent to return to the same Website and the same product pages once those barriers are removed.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action on behalf of himself and a class of all other similarly situated persons pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2).

43. The proposed Nationwide Class is defined as:

> All legally blind individuals in the United States who have been denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Defendant's commercial website, https://gradolabs.com, due to Defendant's failure to design, construct, maintain, and operate that Website to be fully accessible to and independently usable by blind and visually impaired persons who use screen-reading software, during the applicable statute of limitations period.

44. The proposed New York Sub-Class is defined as:

> All legally blind individuals in the State of New York have been denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Defendant's Websites due to accessibility barriers during the applicable statute of limitations period.

45. Numerosity (Fed. R. Civ. P. 23(a)(1)): The proposed class and sub-class are so numerous that joinder of all members is impracticable. According to the National Federation of the Blind, approximately 7.6 million Americans are visually impaired, and approximately 1.3 million are legally blind. A significant number of legally blind individuals use screen-reading

software to access e-commerce websites and have encountered or will encounter the barriers on Defendant's Websites.

46. Commonality (Fed. R. Civ. P. 23(a)(2)): Common questions of law and fact exist for all class members, including: (a) whether the Websites are "places of public accommodation" under the ADA; (b) whether the Websites deny blind and visually impaired individuals full and equal access to goods and services; (c) whether Defendant has failed to take steps to make the Websites accessible in violation of the ADA, NYSHRL, NYCRL, and NYCHRL; and (d) whether Defendant's conduct constitutes discrimination under applicable law.

47. Typicality (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of those of the class. Like all class members, Plaintiff is a legally blind individual who relies on screen-reading software and has been denied full and equal access to Defendant's Websites due to systemic, uniform accessibility barriers.

48. Adequacy (Fed. R. Civ. P. 23(a)(4)): Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in ADA accessibility litigation and has no interests antagonistic to those of the class.

49. Injunctive Relief Class (Fed. R. Civ. P. 23(b)(2)): Defendant has acted on grounds generally applicable to the class, making appropriate final injunctive relief and corresponding declaratory relief appropriate with respect to the class as a whole. The accessibility barriers on Defendant's Websites uniformly affect all blind and visually impaired users.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of Title III of the Americans with Disabilities Act
### (42 U.S.C. §§ 12181 et seq.)

50. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

51. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

52. Defendant's Websites are each a "place of public accommodation" within the meaning of 42 U.S.C. § 12181(7)(E)-(F), as each constitutes a sales establishment and service establishment.

53. Defendant has discriminated against Plaintiff and members of the class by failing to design, construct, maintain, and operate its Websites to be fully accessible to and independently usable by blind and visually impaired individuals, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). The documented WCAG violations constitute a failure to provide auxiliary aids and services necessary to ensure effective communication with persons with disabilities.

54. Unless the Court enjoins Defendant from continuing these unlawful practices, Plaintiff and class members will continue to suffer irreparable harm. Plaintiff is entitled to injunctive relief requiring Defendant to bring both Websites into full compliance with WCAG 2.1 Level AA, and to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

## SECOND CAUSE OF ACTION
## Violation of the New York State Human Rights Law
## (N.Y. Exec. Law §§ 290 et seq.)

55. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

56. The NYSHRL provides that "[n]o person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation ... shall directly or indirectly refuse, withhold from or deny to any person ... any of the accommodations,

advantages, facilities or privileges thereof." N.Y. Exec. Law § 296(2)(a).

57. Defendant's Websites constitute places of public accommodation within the meaning of the NYSHRL. Defendant has violated the NYSHRL by failing to make its Websites accessible to Plaintiff and other blind and visually impaired individuals, thereby denying them full and equal enjoyment of the goods, services, and accommodations available through those Websites.

58. ]Plaintiff is entitled to compensatory damages, injunctive relief, and reasonable attorneys' fees and costs under the NYSHRL.

**THIRD CAUSE OF ACTION**
**Violation of the New York State Civil Rights Law**
**(N.Y. Civ. Rights Law §§ 40 et seq.)**

59. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

60. The NYCRL provides that "[a]ll persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement." N.Y. Civ. Rights Law § 40.

61. Defendant has violated the NYCRL by denying Plaintiff and other blind and visually impaired individuals full and equal access to the accommodations, advantages, facilities, and privileges of its Websites. Plaintiff is entitled to compensatory damages of not less than $500 per violation under N.Y. Civ. Rights Law § 40-d, as well as injunctive relief and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**
**Violation of the New York City Human Rights Law**
**(N.Y.C. Admin. Code §§ 8-101 et seq.)**

62. Plaintiff re-alleges and incorporates by reference all preceding allegations as

though fully set forth herein.

63. The NYCHRL provides broader protections than its federal and state counterparts, and shall be construed liberally to accomplish its remedial purposes. The NYCHRL prohibits discrimination in places of public accommodation and imposes an affirmative obligation on covered entities to provide full and equal access to persons with disabilities.

64. Defendant has violated the NYCHRL by failing to ensure that its Websites are accessible to and independently usable by blind and visually impaired individuals, thereby denying Plaintiff and other similarly situated individuals the full and equal enjoyment of Defendant's goods, services, and accommodations. Plaintiff is entitled to compensatory damages, civil penalties, injunctive relief, and reasonable attorneys' fees and costs under the NYCHRL.

## FIFTH CAUSE OF ACTION
**Declaratory Relief**
**(28 U.S.C. §§ 2201 et seq.)**

65. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

66. An actual, justiciable controversy exists between Plaintiff and Defendant concerning Defendant's obligations under the ADA, NYSHRL, NYCRL, and NYCHRL to make its Websites accessible to blind and visually impaired individuals.

67. Plaintiff is entitled to a declaratory judgment that Defendant's EcoNugenics Website and ThermaCare Website each violate the ADA, the NYSHRL, the NYCRL, and the NYCHRL due to their inaccessibility to blind and visually impaired individuals who rely on screen-reading technology, and that Defendant is obligated to remediate these Websites in compliance with WCAG 2.1 Level AA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant GRADO LABS, INC.LLC, and grant the following relief:

- Certify this action as a class action under Fed. R. Civ. P. 23(a) and 23(b)(2), appoint Plaintiff DARREN CESARIO as class representative, and appoint Plaintiff's counsel as class counsel;
- Issue a permanent injunction requiring Defendant to design, construct, maintain, and operate both the EcoNugenics Website (https://econugenics.com) and the ThermaCare Website (https://www.gradolabs.com) in full compliance with WCAG 2.1 Level AA, the ADA, and all applicable accessibility standards, including but not limited to: (i) adding accessible names and meaningful alt text to all images, buttons, and form controls; (ii) removing meaningless placeholder alt text (such as "icon") from all product images; (iii) ensuring all interactive elements are keyboard-operable and properly voiced by screen readers; (iv) providing sufficient color contrast between text and background; (v) using descriptive, non-generic link text or aria-labels on all links; (vi) properly implementing ARIA roles, states, and properties; and (vii) retaining an independent accessibility consultant to conduct periodic audits and produce written remediation reports;
- Award Plaintiff and the class compensatory damages, including statutory damages of not less than $500 per violation under the NYCRL;
- Award Plaintiff and the class punitive damages as permitted by applicable law;
- Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and applicable state and city law;
- Issue a declaratory judgment that Defendant's EcoNugenics Website and ThermaCare Website each violate the ADA, the NYSHRL, the NYCRL, and the NYCHRL;
- Award pre-judgment and post-judgment interest; and
- Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York
April 22, 2026

Respectfully submitted,
*/s/ Robert Schonfeld*
Robert Schonfeld, Esq.
JOSEPH NORINSBERG, LLC
Attorneys for Plaintiff
and the Proposed Class
825 Third Avenue
New York, New York 10022
(212) 227-5700
rschonfeld@moritthock.com